IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LESTER RAY MORGAN, ) | |
| (BOP No. 33486-177) ) | |
|     Respondent/Plaintiff, ) | |
| vs. ) | No. 3:07-CV-1177-L (BH) |
| ) | No. 3:05-CR-0079-L (BH) |
| UNITED STATES OF AMERICA, ) | |
|     Movant/Defendant. ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

**I. BACKGROUND**

**A. Nature of the Case**

Movant, an inmate currently incarcerated in the federal prison system, filed this Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. The respondent is the United States of America (the government).

**B. Procedural History**

As a result of his plea of guilty, defendant Lester Ray Morgan was adjudged guilty of possession with intent to distribute and distribution of five grams or more of a controlled substance, cocaine base, in violation of 21 U.S.C. § 841(a)(1). He was sentenced to 180 months' imprisonment. Morgan's appeal to the Court of Appeals for the Fifth Circuit was dismissed after appellate counsel filed a brief under *Anders v. California*, 386 U.S. 738 (1967). The instant motion was timely filed on June 29, 2007.

Morgan raises the following grounds:[1] (1) the waiver of appeal was not knowing and voluntary because Morgan did not understand that he was waiving his right to challenge on direct appeal two prior convictions relied upon in the presentence report ("PSR") to enhance his sentence; (2) the Court committed plain error, and his sentence is "illegal," because the Court elevated his sentence under the career offender provisions of the Sentencing Guidelines based upon two prior convictions; and (3) he received ineffective assistance of counsel when counsel (a) failed to investigate or discover potentially exculpatory evidence; (b) did not know the facts and law governing his case; (c) failed to object to the presentence report; (d) failed to object to the Court's consideration of two prior convictions in calculating his sentence; (e) allowed Morgan to enter a plea agreement that waived his right to appeal a sentence not yet imposed; and (f) obtained no sentencing recommendation, no guideline reduction, no substantial assistance departure, and no dismissed counts pursuant to the plea agreement. The government filed a response to the motion.

## I. VOLUNTARINESS OF WAIVER OF APPEAL

A defendant may, as part of a valid plea agreement, waive his statutory right to appeal his sentence.[2] To be valid, a defendant's waiver of his right to appeal must be informed and voluntary, in that the defendant knew that he had the right to appeal and that he was giving up hat right.[3] When the record indicates that "a defendant has read and understands his plea agreement, and that he has raised no questions regarding a waiver-of-appeal provision, the defendant will be held to the bargain to which he agreed, regardless of whether the court specifically admonished him concerning the

---

[1] Morgan asserts grounds for relief in both the form motion and in his memorandum in support.

[2] *United States v. Martinez,* 263 F.3d 436, 438 (5th Cir. 2001)(citing *United States v. Melancon,* 972 F.2d.566, 567-68 (5th Cir. 1992).

[3] *United States v. Bond,* 414 F.3d 542, 543 and n.3 (5th Cir. 2005)(citing *United States v. Portillo,* 18 F.3d 290, 292 (5th Cir. 1994).

waiver of appeal."[4]

The record in this case reveals that Morgan understood and agreed to the waiver of appeal. At the rearraignment hearing, Morgan testified that before signing the plea agreement, he read and understood it, and discussed it with his attorney. (July 5, 2005, Rearraignment Transcript (Tr.) at 12-13.) More specifically, and contrary to his allegations here, Morgan testified that he understood that, under paragraph 10 of the plea agreement, he was waiving his right to appeal except in certain limited circumstances. (July 5, 2005, Tr. at 23-24.) Furthermore, he testified that he understood that he was subject to a punishment not to exceed 40 years, and that his "criminal history plays an important factor" in determining his sentence. (July 5, 2005, Tr at 18, 21.) Solemn declarations in open court carry a strong presumption of verity.[5] As Morgan expressly acknowledged to the Court that he understood he was waiving his right to appeal, and that his sentence would take into account his criminal history, that waiver of appeal, including an appeal of any sentence enhancements based upon his criminal history, was knowing and voluntary.[6] Morgan's first ground should be denied.

## II. SENTENCING ERROR

Morgan next contends that the Court committed plain error, and his sentence is "illegal," because the Court elevated his sentence under the career offender provisions of the Sentencing Guidelines based upon two prior convictions. A misapplication of the Sentencing Guidelines,

---

[4] *United States v. McKinney,* 406 F.3d 744, 746 (5th Cir. 2005)(quoting *United states v. Portillo,* 18 F.3d 290, 293 (5th Cir. 1994).

[5] *United States v. Palmer,* 456 F.3d 484, 491 (5th Cir. 2006).

[6] *See generally United States v. Brady,* No.99-50009, 2000 WL 329123, at *1, (5th Cir. March 16, 2000)(waiver of appeal found to be knowing and voluntary and not rendered invalid because defendant did not, at time of entry, know the extent of his sentence).

3

however, is not cognizable on collateral review.[7] Thus, as Morgan is not entitled to bring this claim in this proceeding, it should be denied.

### III. INEFFECTIVE ASSISTANCE OF COUNSEL

The now-familiar two-pronged standard for review of claims of ineffective assistance of counsel was set forth by the Supreme Court in *Strickland v. Washington,* 466 U.S. 668 (1984): "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense."[8] This same test applies to challenges to guilty pleas based upon ineffective assistance of counsel.[9]

In order to show the deficiency component, the burden is upon the defendant to show that his counsel's representation fell below an objective standard of reasonableness by identifying acts or omissions of counsel "that are alleged not to have been the result of reasonable professional judgment."[10] A district court then determines whether, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance."[11] There is a strong presumption that the performance of counsel falls within this range.[12] In order to

---

[7] *United States v. Williamson,* 183 F.3d 458, 462 (5th Cir. 1999).

[8] *Strickland,* 466 U.S. at 687.

[9] *Hill v. Lockhart,* 474 U.S. 52, 58 (1985).

[10] *Strickland,* 466 U.S. at 690.

[11] *Id., Hill,* 474 U.S. at 57-58, *citing Tollet v. Henderson,* 411 U.S. 258 (1973) and *McMann v. Richardson,* 397 U.S. 759 (1970).

[12] *United States v. Samuels,* 59 F.3d 526, 529 (5th Cir. 1995); *see also King v. Lynaugh,* 868 F.2d 1400, 1405 (5th Cir.), *cert den'd,* 489 U.S. 1093 (1989).

prove prejudice in the plea process, the defendant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."[13]

## A. Claims 3(a-c) Investigation, Knowledge of law, and Lack of PSR Objections

Morgan claims that counsel failed to investigate or discover exculpatory evidence, did not know the facts and law applicable to his case, and failed to object to the PSR. These allegations, however, are wholly conclusory, and not supported by particular facts. "A defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial."[14] Morgan does not identify what exculpatory evidence an investigation would have revealed, nor how any such evidence would have altered the outcome of his case. Likewise, he does not state what facts counsel should have known, nor what laws he did not understand. As to the failure to object to the PSR, Morgan does not cite to what portions of the PSR counsel should have objected. Such conclusory allegations are insufficient to prove Morgan's claims of ineffective assistance of counsel. Morgan's first three claims of ineffective assistance of counsel should be denied.

## B. Claim 3(d) Use of Prior Convictions

Morgan also claims that counsel was ineffective for failing to challenge the finding that his prior state convictions for "possession of a controlled substance with intent to deliver" under § 481.112(a) of the Texas Health and Safety Code constituted "controlled substance offense[s]" for

---

[13] *Hill,* 474 U.S. at 59.

[14] *Lockett v. Anderson,* 230 F.3d 695, 713 (5th Cir. 2000).

5

purposes of the career offender provision of the United States Sentencing Guidelines.[15] Morgan claims that counsel should have relied on *United States v. Garza-Lopez,* 410 F.3d 268, 272-74 (5th Cir.), *cert. den'd,* 546 U.S. 919 (2005), which held that a prior conviction under a section of California law that criminalized "offering to sell a controlled substance" was broader than the definition of a drug trafficking offense under § 2L1.2 of the Guidelines and thus could not be included as a prior drug trafficking offense. Morgan contends that his convictions under § 481.112(a) were analogous to the delivery conviction deemed to not fit within the definition of a drug trafficking offense in *Garza-Lopez.*[16]

More recently, the Fifth Circuit held that a conviction for possession with intent to deliver under § 481.112(a) does fall within the definition of a "controlled substance offense" for purposes of sentencing enhancements under § 2K2.1 of the Guidelines:

> The question before this court is whether a charge and conviction for "possession with an intent to deliver" a controlled substance under section 481.112(a) of the Texas Health and Safety Code can be used as a basis for a sentence enhancement as a "controlled substance offense" under U.S. Sentencing Guidelines Manual ("USSG") § 2K2.1(a)(4)(A) (2005). "Controlled substance offense" is defined in USSG § 4B1.2(b). USSG § 2K2.1 cmt. n. 1. USSG § 4B1.2(b) states:
>
>> The term "controlled substance offense" means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or

---

[15]The presentence report contains certified copies of the July 19, 1993, judgments of conviction for possession of a controlled substance with intent to deliver under Texas Health and Safety Code § 481.112(a) in *Texas v. Morgan,* No. 17, 410, in the 354th District Court of Hunt County, Texas, and in *Texas v. Morgan,* No. 17,396, in the 196th District Court of Hunt, County, Texas.

[16]Indeed, the Fifth Circuit has since extended it reasoning in *Garza-Lopez* to hold that a conviction for delivery of a controlled substance under § 481.112(a) is broader than the definition of "drug trafficking offense" under section 2L1.2(b)(1)(A)(i). *United States v. Gonzalez,* 484 F.3d 712, 714 (5th Cir.), *cert. den'd,* 127 S.Ct. 3031 (2007) (citing *Garza Lopez,* 410 F.3d at 274-75.)

dispense.

> We hold that the conviction in this case for "possession with intent to deliver" under this Texas statute qualifies as a "controlled substance offense." "Possession with intent to deliver" is indistinguishable from the offense of "possession with intent to distribute," one of the offenses listed in USSG's definition of a "controlled substance offense."[17]

The definition of a "controlled substance offense" in § 4B1.2(b) used for purposes of sentencing enhancements under § 2K2.1 is the same definition used for purposes of the career offender provisions in § 4B1.1(a). Based on *Ford*, Morgan's convictions for "possession of a controlled substance with intent to deliver" under § 481.112(a) qualify as controlled substance offenses.

Assuming for purposes of this motion that counsel was deficient for failing to object to the presentence report based on *Garza-Lopez*, Morgan's claim that his prior state convictions were not controlled substance offenses that made him eligible for career offender status is not supported by law. Morgan has therefore not demonstrated prejudice, and counsel cannot be said to be ineffective for failing to make this argument.

## C.  Claim 3(e) Allowing Waiver of Appeal

Morgan also claims that counsel was ineffective when he allowed Morgan to enter a plea agreement that precluded him from appealing a sentence not yet imposed. As noted in the analysis of Morgan's challenge to the voluntariness of the waiver itself, Morgan's waiver of appeal was knowing and voluntary. Morgan testified that he understood that he had waived his right to appeal, except in limited circumstances. (July 5, 2005, Tr. at 23.)  Other than his specific challenges to counsel's failure to object to his sentence being imposed under the career offender provisions as analyzed above, Morgan does not otherwise recite how counsel was deficient in advising him

---

[17] *United States v. Ford,* 509 F.3d 714, 714-15 (5th Cir. 2007), *cert denied,* – S.Ct. –, 2008 WL 1803624 (Apr. 18, 2008).

regarding the waiver. Furthermore, Morgan has not recited how he suffered prejudice. He does not claim that, but for counsel's error, he would have pleaded guilty and insisted on going to trial. If Morgan had gone to trial, he most likely would not have received the three-level reduction in offense level for acceptance of responsibility, which would have resulted in a longer sentence. The Court should deny Morgan's claim of ineffective assistance on the basis that counsel allowed him to waive appeal.

### D. Claim 3(f) Sentencing Challenges

Morgan recites that counsel failed to obtain a sentencing recommendation, a guideline concession, a substantial assistance departure, or any dismissed counts pursuant to the plea agreement. Morgan fails to show that the government would have agreed to, or that the Court would have accepted, a sentencing recommendation. With regard to the issue of a guideline concession, Morgan does not state what change in the applicable guidelines counsel should have sought. The reference to not receiving a departure on the basis of substantial assistance likewise fails to state any supporting facts. Such conclusory claims are insufficient to prove ineffective assistance of counsel.[18] Morgan's claim that no counts were dismissed as a part of the plea agreement is frivolous because he was charged in only one count of the indictment. Morgan's ineffective assistance claims based on these general sentencing challenges are without merit and should be denied.

### IV. EVIDENTIARY HEARING

Upon review of the motion to vacate and the files and records of this case, an evidentiary hearing appears unnecessary. No evidentiary hearing is required when "the motion and the files and

---

[18] *Miller v. Johnson,* 200 F.3d 274, 282 (5th Cir. 2000).

records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. In this instance, the matters reviewed by the Court conclusively show that movant is entitled to no relief.

## V. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court **DENY** the motion to vacate, set aside, or correct sentence brought pursuant to 28 U.S.C. § 2255.

**SIGNED this 25th day of October**, **2008**.

                                                              _____
                                                              IRMA CARRILLO RAMIREZ
                                                              UNITED STATES MAGISTRATE JUDGE


## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

                                                              _____
                                                              IRMA CARRILLO RAMIREZ
                                                              UNITED STATES MAGISTRATE JUDGE